**No. 47763.**—Protest 18773–K of Morris Ebanks (Tampa).

COLE, Judge: This case, which presents conflicting interpretations of two paragraphs' of the Tariff Act of 1930 in their application to the merchandise' in question, was heard briefly before Kincheloe, J., during the 1940 session at Miami, Fla., and later before Cline, J., on the same circuit, and upon agreement of counsel was postponed for decision until an analysis of the merchandise was made by the Government chemist. It is now submitted for decision on the record consisting of testimony, chemical analyses, and certain photographic illustrations.

The merchandise involved, considered to be salt, was imported from Bahamas at Miami, Fla., on July 6, 1939. It was assessed with duty at 4 cents per 100 pounds under paragraph 81, Tariff Act of 1930, as amended by the trade agreement with the United Kingdom (T. D. 49753), wherein said paragraph is set forth as follows:

| Tariff Act of 1930; paragraph | Description of article | Rate of duty |
|---|---|---|
| 81 | Sodium chloride or salt, in bulk_____ | 4¢ per 100 lbs. |

Plaintiff claims that the merchandise is entitled to entry free of duty under paragraph 1766 Tariff Act of 1930, which reads as follows:

PAR. 1766. Sodium: Nitrate, crude or refined; sulphate, crude, or crude salt cake, and niter cake; bicarbonate or baking soda.

The method of obtaining the salt was described by the plaintiff who had witnessed the operation on many occasions, and, to illustrate, pictures of the salt ponds and piles of salt on the bank were received as exhibits. Salt water, taken from the Atlantic Ocean off Ragged Island, Bahamas, is run into specially prepared ponds where at a depth of about 18 inches it is allowed to dry for 6 or 8 days. At the end of that period the sun has dried it down to approximately 6 inches. The brine thus produced is raked and poured into buckets that are emptied on the bank in a pile for the water to drain off and allowed to dry in the sun. This is the commonly known method of handling ocean water to obtain the salt therein.

The salt thus recovered is loaded into small boats for transfer to steamers for exportation to this country. It is shipped in bulk and not contained in cartons or containers.

The merchandise in this case is unquestionably salt. In fact, the plaintiff placed in evidence an analysis made by chemists of Norfolk, Va., wherein it is stated that the analysis was of Ragged Island salt. It is the claim of plaintiff, however, that because this commodity is unprocessed ocean salt, produced without the aid of any machinery and unfit for use as table salt, it is therefore not properly dutiable under paragraph 81 as amended, *supra*.

This contention is wholly untenable. The only limitation expressed in the said amended paragraph 81 is that the sodium chloride or salt covered thereby be imported in bulk. The language is plain and unambiguous. It contains no qualifying words which restrict the scope of the paragraph to any particular kind or quality of salt. It is all inclusive and embraces all kinds and grades of salt imported in bulk form.

We therefore hold the salt under consideration to be properly dutiable as classified by the collector. The protest is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.